Shauok, C. J.
There is no authority for the detention of the petitioner unless the act of the general assembly set out in the statement of the case is constitutionally valid.
That the constitution gives inviolability to the right to make contracts, and that the legislature may deny the right only when it is required for the general welfare, and when it is promotive of public health or morals, are propositions established by familiar authorities and admitted by the attorney general.- We have, therefore, to consider only the purpose of this enactment and the nature of the contract which it assumes to forbid. Its purpose is to terminate the rights heretofore universally recognized in this state, and often exercised, of determining by contracts voluntarily entered into between miners and operators the mode in which the basis of compensation to be made by the latter to the former should be ascertained. Counsel for the state expressly disclaim any authority in the legislature to determine the price to be paid for mining coal, and it is true that no such authority is assumed in this act. By the method of payment heretofore in use, in which compensation was determined upon the basis of screened coal, miners have become entitled to receive and operators have become bound to make, compensation having regard to the skill and care exercised by the miner in the prosecution of his work. The effect of the act is that the total compensation to be paid by an operator is to be determined by agreement, but that it must be paid to miners without discrimination on account of their skill and care. Why the general assembly se *439 lected this class of laborers for discrimination — why they are deemed less entitled than others to compensation which encourages merit by rewarding it — we do not know, nor inquire. For, however unjust to this class of laborers the act may be, we can inquire only whether the general assembly had power to pass it. It is suggested as the basis of the act, that frauds may be perpetrated in the screening and weighing of coal under the contracts heretofore entered into. To this suggestion it is sufficient to answer that if such danger exists it may well justify appropriate legislation for the prevention of such fraud. But this legislation does not seek to prevent fraud nor to provide for the health or safety of those engaged in mining. Its sole purpose is to establish a uniform standard of compensation among those upon whom it operates. That is, so far as skill and care are concerned, it estaN lishes a uniform standard of earning capacity. The standard thus to be established for all must sarily be that of the least efficient, since their efficiency can not be increased by legislation. To withhold from merit its reward, may be a favorite object of socialism, but it is inimical to the individual rights which are preserved by the constitution. Acts not distinguishable from this in any substantial respect have been held repugnant to similar constitutional provisions. In re House Bill, etc., 21 Col., 27; Commonwealth v. Brown, 8 Pa. Superior Ct., 339; Millett v. The People, 117 Ill., 294; Ramsey v. The People, 142 Ill., 380. We are aware that divided courts have reached the opposite conclusion. The State v. Coal Co., 36 W. Va., 802, and State v. Wilson, 61 Kans., 32. But in both cases what we regard as the correct view is expressed in the dissenting opinions. The views which prevailed in the cases lastly cited seem to *440 be entertained by those whose minds have not become entirely' divorced from the view once urged, but long since abandoned, that constitutional limitations are mere admonitions to the general assembly, and that they do not serve to annul legislative enactments inconsistent with their provisions.
This act may be invalid for other reasons, but our decision is placed upon the ground that it is an unwarranted invasion of the rights of miners and operators to make contracts by which the former shall be entitled to receive, and the latter obliged to make compensation according to the value of the service rendered and received.

Petitioner discharged.